UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESS RICHARD SMITH,

      Petitioner,

  v.

JEFFREY A UTTECHT,

      Respondent.

Case No. C19-768-BJR-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This is a 28 U.S.C. § 2254 habeas action. (Dkt. # 6 ("Pet.").) Petitioner is a state prisoner currently incarcerated pursuant to a 2006 King County Superior Court judgement and sentence. (Dkt. # 11-1 (State Court Record ("Rec.")), Ex. 1.) Respondent has filed an answer arguing, *inter alia*, that the Court lacks jurisdiction because Petitioner's habeas petition constitutes an unauthorized second or successive petition. (Dkt. # 10 ("Ans.").) Petitioner responds that his petition is not second or successive because he is challenging a new judgment. (Dkt. # 12 ("Reply").) Having considered the parties' submissions, the balance of the record, and the governing law, the Court concludes that the instant habeas petition is second or successive and

thus recommends that it be transferred to the Ninth Circuit for consideration as an application for leave to file a successive petition.

## II.   BACKGROUND

### A.   Relevant State Court Proceedings[1]

In February 2001, Petitioner pleaded guilty to second degree felony murder. (*See* Rec., Ex. 3.) In 2005, the Washington State Court of Appeals ("Court of Appeals") reversed the conviction and the State arraigned him on different charges. (*Id.*) In 2006, a jury found Petitioner guilty of felony murder in the first degree and the lesser included offense of manslaughter in the first degree. (*Id.*) The trial court sentenced Petitioner to 384 months on the felony murder count and 207 months on the manslaughter count. (*Id.*) The Court of Appeals affirmed his felony murder conviction but struck the manslaughter conviction and remanded to the trial court for any necessary proceedings. (*Id.*) The Washington Supreme Court denied Petitioner's petition for review. (Rec., Ex. 11.) On October 21, 2010, the trial court entered an order vacating the manslaughter conviction. (Rec., Ex. 12.)

Petitioner subsequently filed multiple personal restraint petitions ("PRPs") and other motions in the Washington courts. *See Smith v. Obenland*, No. C14-517-BJR, Dkt. 32 at 5-9 (W.D. Wash. Jan. 9, 2015) (Report and Recommendation detailing procedural history). Relevant to this action, in September 2012, Petitioner filed a motion in the trial court aimed at unsealing the personal notes of the victim's mother. *Id.* at 8. On October 2, 2013, the trial court entered an order granting the motion to unseal. *Id.*; *see* also Reply, Ex. A (Tr. of 9/19/13 hearing on motion to unseal). Petitioner subsequently filed two unsuccessful PRPs (Court of Appeals Cause No.

---

[1] The Court recounts only the proceedings relevant to the instant habeas action. Some information was obtained from the Honorable Brian A. Tsuchida's Report and Recommendation in Petitioner's first federal habeas action, *Smith v. Obenland*, No. C14-517-BJR (W.D. Wash.).

REPORT AND RECOMMENDATION - 2

72689-7-I and No. 75795-4-I) regarding the unsealed notes. (*See* Rec., Ex. 2 to Ex. 16 (Order in Cause No. 75795-4-I, referencing Cause No. 72689-7-I.) On August 10, 2018, Petitioner filed another PRP (Court of Appeals Cause No. 78817-5-I), this time challenging the dismissal of Cause No. 72689-7-I and No. 75795-4-I. (*See* Rec., Ex. 16.) The Court of Appeals dismissed the PRP, and the Washington Supreme Court denied his motion for discretionary review and motion to modify. (*See* Rec., Exs. 17-21.)

On August 13, 2018, Petitioner filed his most recent PRP (Court of Appeals Cause No. 78816-7-I), which challenged the dismissal of a prior PRP regarding a prison disciplinary hearing (Court of Appeals Cause No. 76701-1-I). (Rec., Ex. 22.) On September 10, 2018, the Court of Appeals dismissed the PRP as frivolous, and on December 14, 2018, the certificate of finality was issued.[2] (Rec., Exs. 21, 25.)

**B.  Federal Habeas Proceedings**

Petitioner first challenged his 2006 judgement and sentence in *Smith v. Obenland*, No. C14-517-BJR (W.D. Wash. 2015). The district court dismissed the petition as untimely and denied a certificate of appealability.[3] *Id.*, Dkt. 34. The Ninth Circuit likewise denied his request for a certificate of appealability. *Id.*, Dkt. 45.

Petitioner initiated the instant action on May 20, 2019. (Dkt. # 1.) In his petition, he indicates that he is challenging the Court of Appeals' conviction entered in Cause No. 78816-7-I. (Pet. at 1.) He also indicates that he was sentenced on February 10, 2018. (*Id.*) As his sole ground for relief, he argues that the Court of Appeals denied him due process because the Acting

---

[2] The parties dispute whether Petitioner sought review in the Washington Supreme Court. (*See* Pet. at 2; Ans. at 6; Reply at 6.) This issue is immaterial to the Court's conclusions herein.

[3] "A dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations" may render future habeas petitions "second or successive." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

REPORT AND RECOMMENDATION - 3

Chief Judge denied his PRP based on new evidence without a reference hearing and without referring the PRP to a panel of three judges. (*Id.* at 6.)

### III.  DISCUSSION

Respondent argues that Petitioner cannot proceed with his current petition because it is a second or successive petition that was filed without the requisite authorization from the Ninth Circuit Court of Appeals. (*See* Ans. at 9-13.) Petitioner maintains that his petition is not barred because he is "challenging a new judgment stemming from [his] new hearing in 2013." (Reply at 5.) As explained below, the Court concludes that the instant petition is second or successive.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas proceedings, "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). "An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641; *see* 28 U.S.C. §2244(b); Ninth Circuit Rule 22-3. The appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" the statute. 28 U.S.C. § 2244(b)(3)(C); *see Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006).

Not every petition following the denial of an earlier petition fits the statutory definition of a second or successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 323-26 (2010). The Supreme Court has held that a petition will not be considered successive if it is based upon a "new judgment" intervening between the denial of an initial federal habeas petition and the filing of a subsequent habeas petition. *Id.*; *see also Rodabaugh v. Beard*, 687 Fed. Appx. 644, 645 (9th

REPORT AND RECOMMENDATION - 4

Cir. 2017) (holding that state court of appeals' order amending petitioner's abstract of judgment reducing petitioner's sentence by two years was "an intervening judgment," and thus, petitioner's federal habeas petition filed after court of appeals' order was not second or successive to original federal habeas petition filed before court of appeals' order). In *Magwood*, the petitioner was convicted in state court of murder and sentenced to death. 561 U.S. at 323-26. Finding constitutional error, the district court conditionally granted the petition and vacated the petitioner's death sentence. *Id.* The state trial court subsequently held new sentencing proceedings, reviewed the aggravating circumstances implicating a death penalty sentence, and again sentenced the petitioner to death. *Id.* at 326. The petitioner then filed a second § 2254 petition challenging his new sentence, arguing that he did not have fair warning that his conduct would be sufficient to warrant a death sentence under state law. *Id.* at 328. The Supreme Court held that the petitioner's second-in-time petition was not "second or successive" within the meaning of the AEDPA because the petitioner's new sentence constituted an "intervening judgment" between his first and second § 2254 petitions.

"[S]ince *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment." *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019); *see also Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (holding that an amended judgment vacating one of three counts constituted an "intervening judgment"); *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017) (holding, under California law, that judgment altering number of presentence credits to which the petitioner was entitled was an "intervening judgment," but explaining that correcting a scrivener's error in a judgment would not qualify as such). In this case, however, there has been no change whatsoever to Petitioner's 2006 judgment and sentence. Although Petitioner argues the state courts entered a new judgment in relation to

REPORT AND RECOMMENDATION - 5

his motion to unseal, he is incorrect. The trial court's order granting his motion to unseal did not disturb his judgment or sentence, nor did the appellate courts' decisions denying his PRPs relating to the issue. Accordingly, the Court concludes that the instant habeas petition is successive. The Court is without jurisdiction to consider such a petition until the Ninth Circuit has authorized its filing. 28 U.S.C. § 2244(b)(3)(A).

The Court construes Petitioner's habeas petition as a request for permission to file a successive petition. Accordingly, this case should be transferred to the Ninth Circuit, in the interests of justice, pursuant to 28 U.S.C. § 1631. Petitioner is advised that this transfer does not itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3. Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2). Petitioner is referred to this statute for further information.

## IV. CONCLUSION

The Court recommends TRANSFERRING this matter to the Ninth Circuit as a request for permission to file a second or successive petition. The Clerk should be directed to close this case and transfer all original documents to the Ninth Circuit, while retaining a copy of the petition and this Order in the file. A proposed Order of Transfer is attached.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

\\

REPORT AND RECOMMENDATION - 6

will be ready for consideration by the District Judge on **January 3, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Barbara J. Rothstein.

Dated this 6th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7