UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESS RICHARD SMITH,

                Petitioner,

    v.

JEFFERY A. UTTECHT,

                Respondent.

Case No. C19-768-BJR

ORDER DENYING CERTIFICATE OF APPEALABILITY

## I.    INTRODUCTION

The Court transferred this 28 U.S.C. § 2254 habeas action to the Ninth Circuit after construing it as a request to file a second or successive petition. (Dkt. # 17.) Petitioner appealed this decision to the Ninth Circuit, and the Ninth Circuit has remanded for the limited purpose of determining whether to issue a certificate of appealability. (Dkt. # 21.) For the reasons discussed below, the Court DENIES a certificate of appealability.

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 1

## II. BACKGROUND[1]

**A. Relevant State Court Proceedings[2]**

In February 2001, Petitioner pleaded guilty to second degree felony murder. (*See* Rec. (Dkt. # 11-1), Ex. 3.) In 2005, the Washington State Court of Appeals ("Court of Appeals") reversed the conviction and the State arraigned him on different charges. (*Id.*) In 2006, a jury found Petitioner guilty of felony murder in the first degree and the lesser included offense of manslaughter in the first degree. (*Id.*) The trial court sentenced Petitioner to 384 months on the felony murder count and 207 months on the manslaughter count. (*Id.*) The Court of Appeals affirmed his felony murder conviction but struck the manslaughter conviction and remanded to the trial court for any necessary proceedings. (*Id.*) The Washington Supreme Court denied Petitioner's petition for review. (Rec., Ex. 11.) On October 21, 2010, the trial court entered an order vacating the manslaughter conviction. (Rec., Ex. 12.)

Petitioner subsequently filed multiple personal restraint petitions ("PRPs") and other motions in the Washington courts. *See Smith v. Obenland*, No. C14-517-BJR, Dkt. 32 at 5-9 (W.D. Wash. Jan. 9, 2015) (Report and Recommendation detailing procedural history). Relevant to this action, in September 2012, Petitioner filed a motion in the trial court aimed at unsealing the personal notes of the victim's mother. *Id.* at 8. On October 2, 2013, the trial court entered an order granting the motion to unseal. *Id.*; *see also* Reply (Dkt. # 12), Ex. A (Tr. of 9/19/13 hearing on motion to unseal). Petitioner subsequently filed two unsuccessful PRPs (Court of Appeals Cause No. 72689-7-I and No. 75795-4-I) regarding the unsealed notes. (*See* Rec., Ex. 2 to Ex. 16 (Order

---

[1] Much of the background discussion is taken with minimal edits from the Honorable Michelle L. Peterson's Report and Recommendation. (R & R (Dkt. # 13) at 2-4.)

[2] The Court recounts only the proceedings relevant to the instant habeas action. Some information was obtained from the Honorable Brian A. Tsuchida's Report and Recommendation in Petitioner's first federal habeas action, *Smith v. Obenland*, No. C14-517-BJR (W.D. Wash.).

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 2

in Cause No. 75795-4-I, referencing Cause No. 72689-7-I.) On August 10, 2018, Petitioner filed another PRP (Court of Appeals Cause No. 78817-5-I), this time challenging the dismissal of Cause No. 72689-7-I and No. 75795-4-I. (*See* Rec., Ex. 16.) The Court of Appeals dismissed the PRP, and the Washington Supreme Court denied his motion for discretionary review and motion to modify. (*See* Rec., Exs. 17-21.)

On August 13, 2018, Petitioner filed his most recent PRP (Court of Appeals Cause No. 78816-7-I), which challenged the dismissal of a prior PRP regarding a prison disciplinary hearing (Court of Appeals Cause No. 76701-1-I). (Rec., Ex. 22.) On September 10, 2018, the Court of Appeals dismissed the PRP as frivolous, and on December 14, 2018, the certificate of finality was issued.[3] (Rec., Exs. 21, 25.)

**B.  Federal Habeas Proceedings**

Petitioner first challenged his 2006 judgement and sentence in *Smith v. Obenland*, No. C14-517-BJR (W.D. Wash. 2015). The district court dismissed the petition as untimely and denied a certificate of appealability.[4] *Id.*, Dkt. 34. The Ninth Circuit likewise denied his request for a certificate of appealability. *Id.*, Dkt. 45.

Petitioner initiated the instant action on May 20, 2019. (Dkt. # 1.) In his petition, he indicates that he is challenging the Court of Appeals' conviction entered in Cause No. 78816-7-I. (Pet. (Dkt. #6) at 1.) He also indicates that he was sentenced on February 10, 2018. (*Id.*) As his sole ground for relief, he argues that the Court of Appeals denied him due process because the

---

[3] The parties dispute whether Petitioner sought review in the Washington Supreme Court. (*See* Pet. at 2; Ans. at 6; Reply at 6.) This issue is immaterial to the Court's conclusions herein.

[4] "A dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations" may render future habeas petitions "second or successive." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 3

Acting Chief Judge denied his PRP based on new evidence without a reference hearing and without referring the PRP to a panel of three judges. (*Id.* at 6.)

On December 6, 2019, Judge Peterson issued a Report and Recommendation that Petitioner's habeas petition be construed as a request to file a second or successive habeas petition. (R & R.) Petitioner filed objections. (Dkt. # 14.) On May 27, 2020, the Court adopted the Report and Recommendation and transferred the action to the Ninth Circuit. (Dkt. # 17.)

### III.   LEGAL STANDARD

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

### IV.   DISCUSSION

Petitioner argued that the instant petition was not second or successive because he was "challenging a new judgment stemming from [his] new hearing in 2013." (Reply at 5.) The Report and Recommendation explained:

> Not every petition following the denial of an earlier petition fits the statutory definition of a second or successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 323-26 (2010). The Supreme Court has held that a petition will not be considered successive if it is based upon a "new judgment" intervening between the denial of an initial federal habeas petition and the filing of a subsequent habeas petition. *Id.*; *see also Rodabaugh v. Beard*, 687 Fed. Appx. 644, 645 (9th Cir. 2017) (holding that state court of appeals' order amending petitioner's abstract of judgment reducing petitioner's sentence by two years

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 4

was "an intervening judgment," and thus, petitioner's federal habeas petition filed after court of appeals' order was not second or successive to original federal habeas petition filed before court of appeals' order). In *Magwood*, the petitioner was convicted in state court of murder and sentenced to death. 561 U.S. at 323-26. Finding constitutional error, the district court conditionally granted the petition and vacated the petitioner's death sentence. *Id.* The state trial court subsequently held new sentencing proceedings, reviewed the aggravating circumstances implicating a death penalty sentence, and again sentenced the petitioner to death. *Id.* at 326. The petitioner then filed a second § 2254 petition challenging his new sentence, arguing that he did not have fair warning that his conduct would be sufficient to warrant a death sentence under state law. *Id.* at 328. The Supreme Court held that the petitioner's second-in-time petition was not "second or successive" within the meaning of the AEDPA because the petitioner's new sentence constituted an "intervening judgment" between his first and second § 2254 petitions.

"[S]ince *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment." *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019); *see also Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (holding that an amended judgment vacating one of three counts constituted an "intervening judgment"); *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017) (holding, under California law, that judgment altering number of presentence credits to which the petitioner was entitled was an "intervening judgment," but explaining that correcting a scrivener's error in a judgment would not qualify as such). In this case, however, there has been no change whatsoever to Petitioner's 2006 judgment and sentence. Although Petitioner argues the state courts entered a new judgment in relation to his motion to unseal, he is incorrect. The trial court's order granting his motion to unseal did not disturb his judgment or sentence, nor did the appellate courts' decisions denying his PRPs relating to the issue. Accordingly, the Court concludes that the instant habeas petition is successive.

(R & R at 4-6.)

Jurists of reason could not disagree that the state courts' rulings with respect to the motion to seal did not disturb Petitioner's 2006 judgment or sentence. As petitioner failed to identify any other action that could have resulted in a new or intervening judgment, jurists of reason could not disagree that the instant petition is successive. Because it is clear that the petition is successive, Petitioner does not deserve encouragement to proceed further. Accordingly, he is not entitled to a certificate of appealability.

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 5

## V. CONCLUSION

For the foregoing reasons, a certificate of appealability is DENIED.

Dated this 10th day of July 2020.

BARBARA J. ROTHSTEIN
United States District Judge

Recommended for Entry
This 9th day of July, 2020.

/s/ Michelle L. Peterson
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 6